UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>555 Fourth St., N.W.<br>Washington, D.C. 20530<br><br>    Plaintiff,<br><br>v.<br><br>$21,600 IN UNITED STATES CURRENCY<br>RECOVERED FROM A SHOE BOX<br>FOUND IN A CAR,<br>    Defendant. | Civil Action No.: |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

*COMES NOW*, plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, to bring this verified complaint in a civil action *in rem* for defendant's forfeiture to plaintiff. As grounds wherefore, plaintiff respectfully states as follows:

### NATURE OF THE ACTION AND DEFENDANT *IN REM*

1. This is a civil action *in rem* to forfeit and condemn to the use and benefit of plaintiff United States of America the defendant personal property of $21,600.00 in U.S. currency seized from a shoe box inside a car being driven by Michael Perry in Washington, D.C., on June 20, 2006. Plaintiff brings this action pursuant to Title 21, United States Code, Section 881(a)(6).

### JURISDICTION, VENUE, AND GOVERNING LAW

2. This Court has original jurisdiction of this civil action by virtue of 28 U.S.C. § 1345 because it has been commenced by the United States, and by virtue of 28 U.S.C. § 1355(a), because it is an action for the recovery and enforcement of a forfeiture under an Act of Congress. Venue is proper in this District by virtue of 28 U.S.C. § 1355(b)(1) because this is a forfeiture action or

proceeding brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, and by virtue of 28 U.S.C. § 1395 because a civil proceeding for the forfeiture of property may be prosecuted in the district in which the property is found.  The property to be forfeited now is located in the District of Columbia in the control of an agency of the United States Government, having been deposited into the Seized Asset Deposit Fund Account, which the U.S. Marshals Service ("USMS") administers.

3. This civil action *in rem* for forfeiture is governed by 21 U.S.C. § 881, 18 U.S.C. § 983, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## STATEMENT OF FACTS

4. On June 20, 2006, at about 7:30 p.m., sworn officers of the Metropolitan Police Department ("MPD") conducted a traffic stop on a car being driven by Michael Perry near the intersection of Georgia Avenue, N.W., and Lamont Street, N.W., in Washington, D.C.

5. This car was a Lincoln Mark LT automobile bearing Maryland license plates 62E-240.  Two other persons were passengers in the car, Michael Perry's 12-year-old son, and Tyrone Dickson.

6. At the time of this traffic stop, there was $21,600 in U.S. currency inside a shoe box inside a bag on the floor by the rear seat in the automobile's passenger compartment.  During the course of the traffic stop, police eventually seized this money.

7. After police found this cash, an officer asked Michael Perry to whom it belonged. Michael Perry responded that he had received the money from his wife who owned a beauty shop and a few houses.

8. In the shoe box containing the $21,600 in cash, police found a residue of a white powder, which had cocaine in it, according to a field-test.

9. Police also found on the car's driver's side floor mat a residue of white powder, which had cocaine in it, according to a field-test.

10. Police arrested Michael Perry and charged him with unlawful possession of cocaine. Police also arrested the adult passenger, Tyrone Dickson, and charged him with unlawful possession of an open container of alcohol.

11. Police brought to this car a dog that had been specially trained to detect by scent the presence of contraband drugs. At the floor mat and rear passenger seat, the dog acted in the way he had been trained to do if he smelled contraband drugs, including cocaine.

12. Following Michael Perry's arrest, he has said that his mother, Renee Jones Perry, gave him the money found in the car so that he could make a down payment for a house. Michael Perry said that he had spent some of the money to buy furniture.

13. Michael Perry also has said that he was working as a carpenter in June 2006 for a roofing and home improvement business and that his yearly income was between $35,000-$50,000. Michael Perry said that he had been employed by this company since 2002, but most recently had returned to work for the firm in November 2005 after being released from incarceration in connection with a homicide charge.

14. The Maryland state agency that collects information about individual reported income has stated that Renee Jones Perry had no reported income in Maryland in the third and fourth quarters of 2005 and in 2006. This agency stated that Renee Jones Perry had reported income in the District of Columbia during the third and fourth quarters of 2005 and also had reported income in

2006 in the District of Columbia.

15. This same Maryland state agency stated that it has no record of reported income for Michael Perry in 2005 and no record of reported income in 2006.

16. Kenya Terry has said that she leased the car in which the police found the cash. Terry said that she had loaned the car to Michael Perry on June 20, 2006.

17. Terry also has said that she had put no money in the car.

18. Records kept by law enforcement agencies show that police have arrested Michael Perry five times in the District of Columbia and three times in Maryland since June 1994. At least three of these arrests involved firearms-related charges, two involved murder charges, and two involved unlawful possession of controlled substances.

19. Michael Perry was convicted in 1999 in the Superior Court of the District of Columbia of the crime of unlawful carrying a pistol without a license. Michael Perry was convicted in 1994 Maryland of a crime involving a handgun in a vehicle.

20. Following Michael Perry's arrest, MPD officers transferred custody of the $21,600 cash seized from the car to the federal Drug Enforcement Administration (DEA) so that the funds could be processed for administrative forfeiture. After receiving this cash from MPD, the federal Drug Enforcement Administration began the process for administrative forfeiture of this money. On August 15, 2006, the funds were deposited into the U.S. government's Seized Assets Deposit Fund Account in Washington, D.C., which the U.S. Marshals Service administers, where it remains at the time of filing this complaint.

21. On December 27, 2006, Michael Perry's mother, Renee Jones Perry, filed a claim to the cash. Certifying "under penalty of perjury" that it was true, Renee Jones Perry stated that she had

provided the $21,600 to her son "as a gift towards the purchase of a home." After receiving this claim, the DEA halted the administrative forfeiture process and referred the matter for forfeiture through the judicial process.

## COUNT ONE

1. The factual statements made in paragraphs 1 through 21 are re-alleged and incorporated by reference herein.

2. Plaintiff brings this *in-rem* civil action because 21 U.S.C. § 881(a)(6) makes subject to forfeiture to the United States and declares that no property right shall exist in "all proceeds traceable" to an exchange of "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation" of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. Title 21 of the U.S. Code, Subsection 841(a)(1) declares that it is unlawful to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. Section 846 declares that any person who conspires to commit any offense defined in the Controlled Substances Act shall be subject to the same penalties as those prescribed for the offense whose commission was the object of the conspiracy.

3. The defendant property constitutes proceeds traceable to an exchange of money or other things of value for a controlled substances on one or more occasions in violation of the Controlled Substances Act, specifically, 21 U.S.C. §§ 841, 846.

WHEREFORE, the plaintiff prays that, as to the above-referenced defendant property, due process issue according to law; that, pursuant to law, notice be provided to all interested parties to appear and show cause why the forfeiture should not be decreed and the defendant property be

condemned as forfeited to the United States of America; and for such other and further relief as this Court may deem just, necessary and proper.

                          Respectfully submitted,

                          _/s/_____
                          JEFFREY TAYLOR
                          UNITED STATES ATTORNEY
                          District of Columbia Bar No. 498610

                          _/s/_____
                          WILLIAM R. COWDEN
                          Assistant United States Attorney
                          District of Columbia Bar No. 426301

                          _/s/_____
                          BARRY WIEGAND,
                          Assistant  United States Attorney
                          District of Columbia Bar No. 424288
                          555 4th St., N.W., Room 4818
                          Washington, D.C. 20530
                          (202) 307-0299

## **VERIFICATION**

I, Maria E. Pena , Detective Grade One of the Metropolitan Police Department and a Deputized Task Force Officer of the Drug Enforcement Administration, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based upon reports and information known to me or furnished to me by law enforcement agents and that everything contained in this Complaint is true and correct to the best of my knowledge and belief.

Executed on this __26th__ day of March, 2007.

      _/s/_____
      Maria E. Pena,
      Detective, Grade One
      Metropolitan Police Department,
      Deputized Task Force Officer, U.S.
      Drug Enforcement Administration

07-580
E
EGS

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

United States of America

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

$21,600 in U.S. Currency Recovered from a Shoe Box Found in a Car.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Barry Wiegand          (202) 307-0299
William R. Cowden
555 4th St., NW, Room 4818
Washington, DC 20530

Case: 1:07-cv-00580
Assigned To : Sullivan, Emmet G.
Assign. Date : 3/26/2007
Description: USA v. 21,600 in US Currency

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

☒ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☒ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
21 U.S.C. §881(a)(6) - Money..., or other things of value furnished or intended to be furnished in exchange for a controlled substance, or proceeds traceable to such an exchange.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 3/26/07   SIGNATURE OF ATTORNEY OF RECORD  *Barry Wiegand*
BARRY WIEGAND
Assistant U.S. Attorney

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.