UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$21,600 IN UNITED STATES CURRENCY )<br>RECOVERED FROM A SHOE BOX )<br>FOUND IN A CAR, )<br>)<br>Defendant. )<br>_____ ) | Civ. No. 07-00580 (EGS) |

### SECOND STATUS REPORT

*COMES NOW*, plaintiff, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully to respond to this Court's orders of October 30, 2007, and November 13, 2007, which require the government plaintiff to file a Status Report with the Court by November 16, 2007. In summary, since the government's first Status Report in September 2007, no claim to the defendant property has been filed in this judicial forfeiture action, and none had been filed before that. Since the government brought this case in March 2007, plaintiff gave notice of this action repeatedly by publication and by certified and regular mail to all known potential claimants, in full compliance with all rules governing notice of forfeiture actions. Ultimately, the government arranged to have notice hand-delivered to the last known address of the person driving the car from which police seized the defendant currency. Therefore, plaintiff considers this matter ripe for seeking a default judgment and judgment of forfeiture, based upon the default. The government has taken the initial step to seek this judgment. In support whereof, plaintiff submits as follows:

    1.    This is a civil forfeiture action brought *in rem* on March 26, 2007, against $21,600

in cash. Police had seized the defendant currency from a shoe box found in a car during a traffic stop on June 20, 2006, near the intersection of Georgia Avenue, N.W., and Lamont Street, N.W., in Washington, D.C. The complaint for forfeiture alleged that the currency either is the proceeds of illegal drug-trafficking crimes, or was to be used to buy illicit narcotics.

2. In a report filed September 7, 2007, the government recounted the efforts made to give notice to potential claimants, including the car's driver. The government also recommended deferring action for about 35 days. On October 30, 2007, the Court directed the government to "file a status report and recommendation for future proceedings no later than November 12, 2007." Thereafter, the Court enlarged this deadline until November 16, 2007.

3. Since the filing of the government's first status report on September 7, 2007, no person has tried to enter this case, either by filing a claim to the defendant cash or by taking any other step to oppose the currency's forfeiture. This includes the car's driver, at whose last known residence two police officers personally delivered written notice of this case on September 7, 2007. Further, in December 2006, a woman had filed a claim to the cash in an earlier non-judicial, administrative forfeiture process. This claim halted that administrative forfeiture process, causing the government to undertake this judicial forfeiture action. Despite letters to that woman's home address, she has not filed a claim in this case. Consequently, it appears most likely that no person intends to file a claim in this action. Moreover, even if a person did try to file a claim or enter this case, that person's claim almost certainly would be untimely, given the dates of personal and public notice, as recounted in the government's earlier status report.

4. Therefore, the government intends to move for a default judgment and an order adjudging the defendant property to be forfeit to the U.S. government. Before the government

properly can file such a motion, however, it must ask the Clerk of the Court to enter a default in this case. Earlier this afternoon, undersigned counsel filed with the Court an affidavit of default, the prerequisite for the Clerk of the Court to enter a default.

5.     As a result of this, the government respectfully recommends that this Court defer any action until the government files its motion for a default judgment and for an order of forfeiture. We expect to do this before December 10, 2007.

      Respectfully submitted,

      */s/ Jeffrey A. Taylor*
      JEFFREY TAYLOR, D.C. Bar No. 498610
      UNITED STATES ATTORNEY

      */s/ William R. Cowden*
      WILLIAM R. COWDEN, D.C. Bar No. 426301
      Assistant United States Attorney

      */s/ Barry Wiegand*
      BARRY WIEGAND, D.C. Bar No. 424288
      Assistant United States Attorney
      Criminal Division, Asset Forfeiture Unit
      555 Fourth Street, N.W., Fourth Floor
      Washington, D.C. 20530
      (202) 307-0299
      William.B.Wiegand@USDoJ.Gov

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that I have caused service of the foregoing Second Status Report to be made by having copies of it deposited in the U.S. mails in envelopes with postage affixed to each sufficient for first-class handling, addressed respectively to Mr. Michael Perry, XXXX Allison Street, N.E., Washington, D.C. 20017; Ms. Renee Jones-Perry, XXX Tamarack Court, Upper Marlboro, Maryland 20774; Ms. Kenya Ain Terry, XXXX Yorktown Rd., N.W., Washington, D.C. 20012; Ms. Tekia Caldwell, XXXX Allison Street, N.E., Washington, DC 20017, and to Mr. Tyrone Dickson, XXXX 15th Street, Hyattsville, Maryland 20782, on this 15th day of November 2007. I have used "X"s in each address listed in this certificate to protect the privacy of the individuals to whom copies of this document are being sent. The "X"s above represent actual numbers of real addresses, which I will supply the Court if asked.

                                                  */s/ Barry Wiegand*
                                                BARRY WIEGAND, Assistant U.S. Attorney